**KOLLER LAW LLC**　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
David M. Koller, Esq. (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAIRO ANDRES SILVA** | : | **Civil Action No.** |
| **388 West Broad Street** | : | |
| **Telford, PA 18969** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **PENN COLOR, INC.,** | : | |
| **400 Old Dublin Pike** | : | |
| **Doylestown, PA 18901** | : | |
| | : | |
| **2755 Bergey Road** | : | |
| **Hatfield, PA 19440** | : | |
| Defendant. | : | |

### CIVIL ACTION

Plaintiff, Jairo Andres Silva (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Penn Color, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Americans with Disabilities Act of 1990 ("ADA"), as amended, the Pennsylvania Human Relations Act ("PHRA"), the Family and Medical Leave Act of 1990 ("FMLA"), as amended, and violations of the at-will employment doctrine. In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Penn Color, Inc. is a developer and manufacturer the most diverse product line of color concentrates, masterbatches and pigment dispersions with a location at 400 Old Dublin Pike, Doylestown, PA 18901 and with a corporate headquarters located at 2755 Bergey Road, Hatfield, PA 19440.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII, the ADA, and the PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race, national origin and disability discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2020-03630 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 2, 2020. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is Hispanic and was born in Colombia.

21. On or around July 23, 2007, Defendant hired Plaintiff in the position of Machine Operator.

22. Plaintiff was well qualified for his position and performed well.

23. In or around 2008, Plaintiff was diagnosed with spinal stenosis.

24. The major life activities affected by spinal stenosis, include, but are not limited to, performing manual tasks, lifting, bending and working.

25. In 2019, the pain associated with Plaintiff's spinal stenosis substantially increased and his physician Dr. Victor W. Hsu, Orthopedic Surgeon, recommended surgery for treatment.

26. The surgery was a L4-L-5 laminectomy and fusion.

27. Plaintiff informed Defendant of his disability and of Dr. Hsu's recommendation of surgery to treat his spinal stenosis.

28. On or around December 30, 2019, Plaintiff was scheduled for his surgery in order to treat his spinal stenosis.

29. According to Dr. Hsu, Plaintiff would likely be out of work for three (3) months following his surgery, after which he would return to work at full duty.

30. Plaintiff applied for Family and Medical Leave Act ("FMLA") leave for his surgical procedure and recovery.

31. Dr. Hsu completed Plaintiff's Healthcare Provider Certificate as part of his FMLA leave application.

32. On December 27, 2019, Plaintiff spoke with Kim Cathers, Senior Benefits Administrator at Defendant, regarding his FMLA leave application paperwork.

33. Although Plaintiff had previously submitted the paperwork by mail, Ms. Cathers claimed that Defendant had not received it.

34. Later that same day, after Plaintiff spoke with Ms. Cathers, Plaintiff received notification that Aetna, Defendant's health insurance carrier, had declined approval for the surgical procedures.

35. As a result, Plaintiff had to cancel his scheduled surgery.

36. Plaintiff' surgery was then rescheduled for February 24, 2020.

37. On or around January 7, 2020, while at work, Plaintiff slipped and fell on ice in Defendant's parking lot.

38. Plaintiff attempted to work, but he was in too much pain.

39. Plaintiff reported his fall and subsequent injury to Billy Ryan, Supervisor of 3rd Shift.

40. Mr. Ryan appeared visibly annoyed as he completed the workers' compensation paperwork for Plaintiff's claim.

41. Defendant instructed Plaintiff to report to Grandview Occupational Health.

42. Plaintiff was diagnosed with a lumbar strain and elbow contusion.

43. Plaintiff was released to return to work on light duty.

44. Plaintiff reported to work at Defendant, but he was in significant pain.

45. Plaintiff attempted to obtain additional treatment, but he could not do so because he had not received his workers' compensation paperwork.

46. Although Defendant had Plaintiff's current mailing address, the workers' compensation paperwork had been mistakenly mailed to a prior address from fourteen (14) years ago, which caused a delay in receiving medically required treatment.

47. Plaintiff notified Defendant that he had not received the workers' compensation paperwork because Defendant's workers' compensation provider did not have Plaintiff's correct address.

48. Plaintiff was in severe pain as a result of Plaintiff's delayed surgery and his work injury.

49. On February 10, 2020, Plaintiff called out of work prior to his shift because he was in too much pain to work.

50. Plaintiff also followed up with Rothman Institute to obtain additional treatment to relieve the pain while he wanted for his surgery.

51. Plaintiff's back condition worsened and, on February 19, 2020, Plaintiff again needed to call out of work prior to the start of his scheduled shift because he was in too much pain to work.

52. In fact, Plaintiff was in so much pain that he could not even sit up.

53. Defendant was aware that Plaintiff's absence was due to his disabilities.

54. After Plaintiff called out of work, Dana Deardoff, Human Resource Director, and Wayne Miller, Plant Manager, called Plaintiff to inform him that he was in violation of the Attendance Policy.

55. Plaintiff explained that his absences related to his disabilities, that Defendant was well aware of.

56. Ms. Deardoff, however, was dismissive of Plaintiff's medical condition and stated that Plaintiff should be better now.

57. She then informed Plaintiff that he was suspended pending further investigation.

58. Plaintiff was unaware of the nature of the investigation as he had submitted all paperwork related to his disability and Defendant was aware that his absences were related to his disability.

59. On February 21, 2020, Ms. Deardoff called Plaintiff and informed him that he was terminated for violating the Attendance Policy.

60. Plaintiff subsequently received a letter of termination from Ms. Deardoff dated February 24, 2020.

61. Plaintiff was not in violation of the Attendance Policy.

62. According to the most recent Attendance Report that was issued to Plaintiff by Defendant, Plaintiff had not exceeded the number of permitted absences.

63. Prior to being terminated, Plaintiff had not been counseled, warned or disciplined for attendance infractions.

64. Defendant did not comply with its own discipline policy prior to terminating his employment.

65. However, Defendant did not terminate non-disabled, non-Hispanic and/or American-born employees, who had filed a workers' compensation claim and who had 12 or more accumulated absences.

66. For example, Antonio Simmons (African American), had a higher number of accumulated absences that Plaintiff, but he was not terminated.

67. Indeed, Defendant treated non-Hispanic and/or American-born employees more favorably that Plaintiff and did not apply its discipline policy equally.

68. For example, Defendant permitted certain non-Hispanic and/or American-born employees to use their cell phones on the plant floor in violation of company rules, yet these employees were not disciplined or terminated.

69. Following Plaintiff's termination, Defendant has refused to provide Plaintiff with his workers' compensation paperwork, despite multiple requests, preventing Plaintiff's ability to obtain necessary medical treatment.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

70. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

71. Plaintiff is a member of protected classes in that he is Hispanic.

72. Plaintiff was qualified to perform the job for which he was hired.

73. Plaintiff suffered adverse job actions, including, but not limited to termination.

74. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

75. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

76. Defendant discriminated against Plaintiff on the basis of race.

77. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

78. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – RACE DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

79. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

80. Plaintiff is a member of protected classes in that he is Hispanic.

81. Plaintiff was qualified to perform the job for which he was hired.

82. Plaintiff suffered adverse job actions, including, but not limited to termination.

83. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

84. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

85. Defendant discriminated against Plaintiff on the basis of race.

86. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

87. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – NATIONAL ORIGIN DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

88. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

89. Plaintiff is a member of protected classes in that his national origin in Columbia.

90. Plaintiff was qualified to perform the job for which he was hired.

91. Plaintiff suffered adverse job actions, including, but not limited to termination.

92. Similarly situated people outside of Plaintiff's protected class were treated more

favorably than Plaintiff.

93. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

94. Defendant discriminated against Plaintiff on the basis of race.

95. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

96. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – NATIONAL ORIGIN DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

97. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

98. Plaintiff is a member of protected classes in that his national origin in Columbia.

99. Plaintiff was qualified to perform the job for which he was hired.

100. Plaintiff suffered adverse job actions, including, but not limited to termination.

101. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

102. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

103. Defendant discriminated against Plaintiff on the basis of race.

104. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

105. The reasons cited by Defendant for the above cited adverse employment actions that

Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT V – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

106. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

107. Plaintiff is a "qualified individual with a disability" as that term is define under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

108. Plaintiff was qualified to perform the job.

109. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

110. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

111. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

112. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

113. The purported reason for Defendant's decision is pretextual.

114. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

115. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

116. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered

damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VI – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

117. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

118. Plaintiff is a "qualified individual with a disability" as that term is define under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

119. Plaintiff was qualified to perform the job.

120. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

121. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

122. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

123. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

124. The purported reason for Defendant's decision is pretextual.

125. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

126. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

127. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered

damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VII – RETALIATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

128. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

129. Plaintiff engaged in activity protected by ADA when he requested reasonable accommodations.

130. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

131. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT VIII – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

132. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

133. Plaintiff engaged in activity protected by the PHRA when he requested reasonable accommodations.

134. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

135. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of

this Complaint, *infra*.

## COUNT IX – DISCRIMINATION/RETALIATION
## FAMILY AND MEDICAL LEAVE ACT

136. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

137. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

138. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for his own serious medical conditions.

139. Plaintiff gave Defendant sufficient information to allow it to understand that he needed leave for FMLA-qualifying reasons.

140. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke his federally protected rights under the FMLA.

141. As a result of Plaintiff's attempt to invoke his FMLA rights, by requesting and utilizing his FMLA rights, Defendant has retaliated against Plaintiff by terminating his employment.

142. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

143. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

144. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

145. Plaintiff demands judgment against Defendant for all available equitable relief including,

but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

146. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

### COUNT X – INTERFERENCE
### FAMILY MEDICAL LEAVE ACT, FMLA 29 USCA §2615(b) *et. seq.*

147. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

148. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

149. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave in order to care for his own serious medical conditions.

150. Plaintiff gave Defendant proper notice of his own qualifying serious health conditions under the FMLA.

151. Defendant, at all times, was aware of Plaintiff's serious health conditions.

152. Plaintiff was entitled to benefits under the FMLA.

153. Plaintiff attempted to exercise his FMLA rights.

154. Defendant unlawfully prevented Plaintiff from obtaining those benefits.

155. Defendant acted in bad faith by interfering with Plaintiff's application for FMLA leave.

156. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

157. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1)

158. As a result of Defendant's discrimination, Plaintiff suffered adverse employment actions causing him harm.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

### COUNT XI – WRONGFUL TERMINATION
### VIOLATION OF THE AT-WILL EMPLOYMENT DOCTRINE

159. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

160. Plaintiff was an at-will employee with Defendant.

161. Defendant terminated Plaintiff in retaliation for advising his employer of his intent to file a worker's compensation claim.

162. This is a violation of the at-will employment doctrine in Pennsylvania.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Jairo Andres Silva, requests that the Court grant him the following relief against Defendant:

(a)   Compensatory damages;

(b)   Punitive damages;

(c)   Liquidated damages;

(d)   Emotional pain and suffering;

(e)   Reasonable attorneys' fees;

(f)   Recoverable costs;

(g)   Pre and post judgment interest;

(h)   An allowance to compensate for negative tax consequences;

(i)   A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADA, the PHRA, the FMLA and the at-will employment doctrine.

(j)   Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)   Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)   Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: December 2, 2020          **By:**   */s/ David M. Koller*
                                            David M. Koller, Esquire (90119)
                                            2043 Locust Street, Suite 1B
                                            Philadelphia, PA 19103
                                            215-545-8917
                                            davidk@kollerlawfirm.com

                                            *Counsel for Plaintiff*